IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WAYNE LORENZO DAVIS,

    Appellant,

v.                                  Civil Action No. 3:05cv519

ROBERT HYMAN,

    Appellee.

**MEMORANDUM OPINION**

This matter is before the Court on appeal from the United States Bankruptcy Court for the Eastern District of Virginia. See 28 U.S.C. § 158(a). The Debtor, Wayne Lorenzo Davis, seeks a reversal of the Bankruptcy Court's dismissal of his Chapter 13 case.

**STATEMENT OF FACTS**

Mr. Davis filed a voluntary Chapter 13 petition in the United States Bankruptcy Court for the Eastern District of Virginia on April 24, 2004.[1] Robert Hyman was appointed to serve as the Chapter 13 Trustee. On June 2, 2004, Mr. Davis filed his Chapter 13 payment plan, which obligated him to pay $140 per month for a

---

[1] Mr. Davis proceeded pro se in the bankruptcy court and continues to do so on appeal.

period of 60 months.  Mr. Davis filed amended plans on July 13, 2004 and August 18, 2004.  On September 28, 2004, the Bankruptcy Court confirmed the modified plan filed on August 18, 2004, which increased Mr. Davis' monthly payment obligation to $180.

On January 3, 2005, the Trustee filed a motion to dismiss for default in payments under the confirmed Chapter 13 plan, see 11 U.S.C. § 1307(c)(6), and gave notice of a hearing on the motion, which was scheduled for March 2, 2005.  As of January 3, 2005, seven monthly payments were due, which amounted to $1260.  Mr. Davis had paid $732, leaving a deficiency of $528, or 2.93 monthly payments.  On February 18, 2005, Mr. Davis filed a pro se "notice of objection" to the motion to dismiss, in which he proclaimed his good faith efforts to make the payments under his confirmed Chapter 13 plan and made unsubstantiated allegations of blacklisting and racial discrimination by Richmond employers.  On March 1, 2005, Mr. Davis moved for "summary judgment," but failed to state coherently any legal position or argument.[2]

At the March 2, 2005 hearing, the Trustee informed the Bankruptcy Court that there remained a deficiency of $516, or 2.87

---

[2] If Mr. Davis' intention was to move the bankruptcy court to grant a hardship discharge under 11 U.S.C. § 1328(b), he failed to plead the necessary elements or otherwise to move the court in any reasonably comprehensible manner.  The bankruptcy court did not rule on a motion for hardship discharge, and Mr. Davis does not appeal on that ground here.

monthly payments. Mr. Davis asked for an extension of time to cure the default and explained that he was having a difficult time getting continuous work with various day labor agencies. The Bankruptcy Court explained that Chapter 13 is for debtors who have regular income, but gave Mr. Davis two weeks to bring his Chapter 13 out of arrears. A new hearing was set, on the record, for March 23, 2005.

According to the Trustee, as of March 23, 2005, Mr. Davis' Chapter 13 had a deficiency of $696, or 3.87 monthly payments. Mr. Davis failed to appear at the March 23, 2005 hearing. On March 25, 2005, the Bankruptcy Court entered an order granting the Trustee's motion to dismiss Mr. Davis' Chapter 13 petition. On April 7, 2005, Mr. Davis moved to vacate that order. In an April 20, 2005 order, the Bankruptcy Court denied Mr. Davis' motion, citing Mr. Davis' failure to file within the 10-day filing period for motions for a new trial or amended judgment, as prescribed by Fed. R. Civ. P. 59.[3] See Fed. R. Bankr. P. 9023. Additionally, the court noted

---

[3] Mr. Davis' motion to vacate would have been timely filed if the 10-day period were calculated under Fed. R. Civ. P. 6, but time periods for bankruptcy petitions are governed by Fed. R. Bankr. P. 9006. Under Fed. R. Bankr. P. 9006, intermediate Saturdays, Sundays, and legal holidays are only excluded if the prescribed time period is less than 8 days. The Bankruptcy Court properly determined that Mr. Davis' motion to vacate was untimely.

that Mr. Davis remained in default, with a deficiency of $666 as of April 7, 2005.

Mr. Davis made three additional payments following the March 25, 2005 dismissal of his Chapter 13 case, according to the Trustee. These monies, totaling $405, were remitted to Mr. Davis in accordance with the Bankruptcy Court's March 25 order.

After mistakenly filing a notice of appeal in the Fourth Circuit on June 20, 2005, Mr. Davis filed a notice of appeal in the bankruptcy court on June 23, 2005. Mr. Davis' briefs detail his difficulty in obtaining steady employment in the current economy, reiterate his claims of blacklisting, and again proclaim his best efforts to meet his obligations under his Chapter 13 plan. The Trustee contends that Mr. Davis has raised no claim of reversible error.

## DISCUSSION

Under 11 U.S.C. § 1307(c)(6), a court may convert a Chapter 13 case into a Chapter 7 or dismiss the case for cause, whichever is in the best interest of the creditors and the estate. Among the enumerated examples of cause for dismissal is "material default by the debtor with respect to a term of a confirmed plan." Id. The Bankruptcy Court determined that Mr. Davis materially defaulted on his confirmed Chapter 13 plan and dismissed the case.

"Decisions of a bankruptcy judge on core bankruptcy matters are reviewed under a clear error standard for findings of fact and a *de novo* standard for conclusions of law." In re Giovanni, 324 B.R. 586, 593 (E.D. Va. 2005). See also Fed. R. Bankr. P. 8013. While not listed among the examples of "core" bankruptcy matters in 28 U.S.C. § 157(b)(2), there is no doubt that a determination of material default fits easily within the broad category of "core" bankruptcy matters. See C.F. Trust, Inc. v. Tyler, 318 B.R. 795, 802-804 (E.D. Va. 2004) ("The breadth of matters encompassed by these examples suggests, and courts construing the amended statute have confirmed, that 'Congress intended that 'core proceedings' would be interpreted broadly, close to or congruent with constitutional limits...'").

The standard of review is of little consequence, however, in light of the fact that Mr. Davis has failed to present a cognizable argument that the Bankruptcy Court committed reversible error in dismissing his Chapter 13 petition. "The burden of proof is on the party that seeks to reverse the Bankruptcy Court's holding. That party must show that the court's holding was clearly erroneous as to the assessment of the facts or erroneous in its interpretation of the law and not simply that another conclusion could have been reached." Allen v. Wells Fargo Bank Minnesota, N.A., 334 B.R. 746,

749 (D.D.C. 2005) (quoting Johnson v. McDow (In re Johnson), 236 B.R. 510, 518 (D.D.C. 1999)).

Mr. Davis makes no attempt to claim that he was not in default or that his default was not material. Instead, he offers explanations for why he was unable to meet the obligations of his Chapter 13 plan. There has been no showing, or indeed an attempt to show, that the Bankruptcy Court clearly erred in its finding that Mr. Davis was deficient with respect to his monthly payments. Nor has Mr. Davis presented the Court with an argument that the Bankruptcy Court erred in finding that this deficiency constituted material default under the terms of Mr. Davis' Chapter 13 plan. Mr. Davis has not satisfied the burden of proof that he bears as the appellant in this matter.

While the Court is sympathetic to Mr. Davis' difficulty in securing regular employment, this sort of hardship does not alter the fact that Mr. Davis was in material default. And, indeed, it is important to recognize that only individuals with regular income, which is sufficiently stable, may be debtors under Chapter 13. See 11 U.S.C. §§ 101(30), 109(e). Section 1307(c)(6) preserves the statutory limitations on those who may be debtors under Chapter 13 by providing a mechanism for the involuntary dismissal of Chapter 13 cases when the debtor cannot satisfy the obligations of the confirmed Chapter 13 plan.

Finally, it should be noted that Mr. Davis did not timely file the notice of appeal in this matter. Fed. R. Bankr. P. 8002(a). The 10-day filing period began to run upon the entry of the March 25, 2005 order,[4] and the notice of appeal was not filed until June 20, 2005. The Trustee did not raise the point, however, so the Court has considered the merits of Mr. Davis' appeal.

## CONCLUSION

For the foregoing reasons, the Bankruptcy Court's dismissal of Mr. Davis' Chapter 13 case is AFFIRMED.

The Clerk is directed to send a copy of this Memorandum Opinion to Mr. Davis and the Trustee, Robert Hyman.

It is so ORDERED.

/s/
Robert E. Payne
United States District Judge

Richmond, Virginia
Date: March 7, 2006

---

[4] The 10-day period did not begin to run from the entry of the April 20, 2005 order because Mr. Davis' motion under Fed. R. Bankr. P. 9023 was untimely. See Fed. R. Bankr. P. 8002(b).